PUTNEY, TWOMBLY, HALL & HIRSON LLP

DANIEL F. MURPHY, JR.
MICHAEL T. McGRATH
THOMAS A. MARTIN
WILLIAM M. POLLAK
JAMES E. McGRATH, III
CHRISTOPHER M. HOULIHAN
THOMAS M. LAMBERTI
STEPHEN J. MACRI
HARVEY I. SCHNEIDER
MARY ELLEN DONNELLY
JOSEPH B. CARTAFALSA
GEOFFREY H. WARD
ANDREA HYDE
E. PARKER NEAVE
MARK A. HERNANDEZ
JAMES M. STRAUSS
PHILIP H. KALBAN
JEROME P. COLEMAN
BARBARA M. MAISTO
CARYN B. KEPPLER

ESTABLISHED 1866
COUNSELORS AT LAW
521 FIFTH AVENUE
NEW YORK, NEW YORK 10175
(212) 682-0020
TELEFAX: (212) 682-9380
PUTNEYLAW.COM

740 BROAD STREET, SUITE 2
SHREWSBURY, NEW JERSEY 07702
(732) 379-6020
TELEFAX: (732) 345-9444

1205 FRANKLIN AVENUE
GARDEN CITY, NY 11530
(516) 746-0070
TELEFAX: (516) 746-0599

2000 GLADES ROAD
SUITE 300
BOCA RATON, FLORIDA 33431
(800) 935-8480
TELEFAX: (561) 613-4100

COUNSEL
CHARLES J. GROPPE
ALEXANDER NEAVE

July 31, 2015

**Via ECF**
Hon. Leonard D. Wexler
Senior United States District Judge
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

Re:   Janet Kronemberg v. Winthrop University Hospital *et al.*
       **E.D.N.Y. 15-CV-03235 (LDW)(AYS)**

Dear Judge Wexler:

  This firm represents defendants, Winthrop University Hospital (the "Hospital"), Patrice Villa, and Enrico Perez (collectively "Defendants"), in the above-referenced action. In accordance with Your Honor's Individual Practice Rules, we write to request a pre-motion conference to obtain permission to file a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint in its entirety.

  Plaintiff's Complaint alleges that Defendants discriminated and retaliated against her on the basis of race and color by terminating her employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 ("Section 1981") the New York State Human Rights Law ("NYHRL"), N.Y. Exec. Law § 296 and the Nassau County Human Rights Law ("NCHRL"), Title C-2, Section 21-9.8. All of Plaintiff's claims must fail as a matter of law.

**Plaintiff's Title VII Discrimination Claims Are Time-Barred**

  Plaintiff's Title VII discrimination claims are untimely. It is well settled that claims under Title VII must be timely raised in an administrative complaint before a district court may review such claims. Hussey v. New York State Dep't of Law/Office of Atty. Gen., 933 F. Supp. 2d 399, 411 (E.D.N.Y. 2013). Any claim arising under Title VII must be filed within 300 days after the occurrence giving rise to the claim where, as here, the claim was also brought before a state agency. 42 U.S.C. § 2000e–5(e). Plaintiff's administrative complaint only contains a claim

Hon. Leonard D. Wexler
July 31, 2015
Page 2

of retaliation and is devoid of any claims or allegations of discrimination. Since Plaintiff failed to raise any claims of discrimination in the administrative complaint, Plaintiff has failed to exhaust her administrative remedies with respect to these claims and such claims must be dismissed. See Hussey, 933 F. Supp. 2d at 411.

## The Complaint Does Not Contain Cognizable Claims of Discrimination

Plaintiff has also failed to plead any cognizable claim of discrimination. Plaintiff does not allege facts sufficient to show that she was treated differently because of her protected classes or that Defendants acted with discriminatory intent. Therefore, Plaintiff's claims of discrimination must be dismissed.

To allege an actionable *prima facie* case of discrimination, a plaintiff must assert that: (1) she was a member of a protected class, (2) she was qualified for his position, (3) she suffered an adverse employment action, and (4) the circumstances of the adverse action give rise to an inference of discrimination based on her membership in the protected class. Brennan v. Metro. Opera Ass'n, Inc., 192 F.3d 310, 316-18, n. 2 (2d Cir.1999); Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 217 (S.D.N.Y. 2010). Additionally, under Section 1981, a plaintiff must plead sufficient facts to show that the defendant(s) acted with discriminatory intent. Vega v. Hempstead Union Free Sch. Dist., 2014 WL 2157536 (E.D.N.Y. May 22, 2014); Anderson v. State of N.Y. Office of Ct. Admin. of Unified Ct. Sys., 614 F.Supp.2d 404, 426 (S.D.N.Y. 2009). Moreover, a plaintiff is required to set forth factual circumstances from which discriminatory motivation for an adverse employment action can be inferred. Id. Plaintiff has failed to plead sufficient facts in the Complaint to demonstrate that the Hospital treated her differently than similarly situated members of the unprotected class because of her protected class and that Defendants acted with discriminatory intent. Accordingly, Plaintiff's discrimination claims are insufficient as a matter of law.

## The Complaint Does Not Contain Cognizable Retaliation Claims

Plaintiff has also failed to plead cognizable retaliation claims. Plaintiff has not and cannot allege sufficient facts to establish a causal connection between any allegedly protected activity and the termination of her employment. To sustain an action for retaliation, Plaintiff must allege facts that plausibly suggest: "(1) that she participated in protected activity, (2) that she suffered an adverse employment action, and (3) that there was a causal connection between her engaging in the protected activity and the adverse employment action." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010); see also Smith v. Reg'l Plan Ass'n, Inc., 2011 WL 4801522, at *5 (S.D.N.Y. Oct. 7, 2011) (applying Title VII retaliation standards to Section 1981 retaliation claims). A plaintiff cannot establish an inference of causation if the protected activity is too remote in time from the allegedly retaliatory adverse action. Yarde v. Good Samaritan Hosp., 360 F.Supp.2d 552, 562 (S.D.N.Y. 2005). In the Second Circuit, courts have consistently held that periods of time of longer than two months do not establish a causal connection indicative of retaliation. See, e.g., Stoddard v. Eastman Kodak Co., 2009 WL 367553, *3 (2d Cir. Feb. 13, 2009); Ruhling v. Tribune Co., 2007 WL 28283, at *23 (E.D.N.Y. Jan. 3, 2007). Plaintiff's employment with the Hospital was terminated on March 11, 2014, nearly two years after Plaintiff filed her initial administrative complaint on June 6, 2012.

Accordingly, Plaintiff's protected activity is too remote in time from the termination of her employment to establish a causal connection indicative of retaliation. See Id. Plaintiff's retaliation claims are insufficient as a matter of law and must be dismissed.

**The Court Lacks Jurisdiction Over Plaintiff's NCHRL Claims**

Plaintiff's Third Cause of Action asserts that Defendants discriminated and retaliated against Plaintiff on the basis of her race and color in violation of Nassau County Human Rights Law. Again, Plaintiff's Complaint is devoid of any factual allegations to support this claim and on that basis alone is subject to dismissal. Additionally, the NCHRL does not provide individuals with a private right of action. Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 2007 WL 1288137, at *4 (E.D.N.Y. Apr. 30, 2007); Sgroia v. North Shore-Long Island Jewish Health System, Inc., 2010 WL 4530243, 2010 N.Y. Slip Op. 33117(U) (Sup. Ct. Nassau Cty. Oct 29, 2010). Since there is no private cause of action under the Nassau County Human Rights Law, the Court lacks jurisdiction over Plaintiff's NCHRL claims. Accordingly, Plaintiff's NCHRL claims must be dismissed as a matter of law. See Id.

For the reasons set forth herein, the Defendants respectfully requested that Your Honor grant the Defendants' request for a pre-motion conference and that the Defendants be permitted to move to dismiss the Complaint in its entirety.

        Respectfully submitted,

        /s/ MED

        Mary Ellen Donnelly

cc:    Frederick K. Brewington, Esq.