UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                           :

JANET KRONEMBERG,                                                :

                              :

                    Plaintiff,      :          Civil Case No.:
   -against-                                                    :          15-cv-3235(LDW)(AYS)

                              :

WINTHROP UNIVERSITY HOSPITAL,                     :
PATRICE VILLA, in her official and individual   :
capacity, ENRICO PEREZ, in his official and     :
individual capacity,                                            :

                              :

                Defendants.       :

                              :

                              :
----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS

                                     PUTNEY, TWOMBLY, HALL & HIRSON LLP
                                     *Attorneys for Defendants*
                                     521 Fifth Avenue
                                     New York, New York 10175
                                     (212) 682-0020

Of Counsel:
       Mary Ellen Donnelly
       Robert M. Tucker

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

RELEVANT FACTS AND PROCEDURAL HISTORY ........................................................2

ARGUMENT
POINT I
APPLICABLE STANDARD FOR MOTION TO DISMISS ..................................................6

POINT II
PLAINTIFF HAS FAILED TO SATISFY THE APPLICABLE
PLEADING STANDARDS ......................................................................................................7

      A.      *Twombly* and *Iqbal* Pleading Standards...........................................................7

      B.      Plaintiff Has Not Alleged Sufficient Facts to Support
             Claims of Discrimination...................................................................................8

      C.      Plaintiff Has Not Alleged Sufficient Facts to Support
             Claims of Hostile Work Environment Harassment .........................................11

      D.      Plaintiff Has Not Alleged Sufficient Facts to Support
             Retaliation Claims ...........................................................................................15

POINT III
PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED WITH
PREJUDICE BECAUSE FURTHER OPPORTUNITY TO REPLEAD
WOULD BE FUTILE .............................................................................................................19

CONCLUSION ......................................................................................................................21

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009) ................................................................................................7, 8

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) .....................................................................................................7, 8

Betancourt v. City of New York HRA/DSS,
    2007 WL 2948345 (S.D.N.Y. Oct. 9, 2007) ..................................................................6

Burgis v. New York City Dep't of Sanitation,
    798 F.3d 63 (2d Cir. 2015) ....................................................................................9, 10, 11

Caractor v. Housing Bridge 93rd Avenue Family Residence,
    2014 WL 1351402 (E.D.N.Y. Apr. 2, 2014) ................................................................20

Chick v. County of Suffolk,
    2013 WL 685661 (E.D.N.Y. Feb. 22, 2013) (Wexler, J.) ..........................................13

Clark County Sch. Dist. v. Breeden,
    532 U.S. 268 (2001) .................................................................................................16, 18

Cruz v. Coach Stores, Inc.,
    202 F.3d 560 (2d Cir. 2000) .........................................................................................12

Daniel v. Long Island Hous. P'ship, Inc.,
    2009 WL 702209 (E.D.N.Y. Mar. 13, 2009) ................................................................6

Davis v. Columbia Univ.,
    2010 WL 2143665 (S.D.N.Y. May 26, 2010) ...............................................................6

De Jesus v. Sears, Roebuck & Co., Inc.,
    87 F.3d 65 (2d Cir. 1996) ...........................................................................................6, 8

Faragher v. City of Boca Raton,
    524 U.S. 775 (1998) .................................................................................................12, 13

Fleming v. MaxMara USA, Inc.,
    371 Fed.Appx. 115 (2d Cir. 2010) ...........................................................................13, 14

Gallo v. Glen Cove City School District,
    2009 WL 1161818 (E.D.N.Y. Apr. 29, 2009) .............................................................20

i

Gordon v. N.Y.C. Bd. of Educ.,
   232 F.3d 111 (2d Cir. 2000) ................................................................. 16

Gorzynski v. JetBlue Airways Corp.,
   596 F.3d 93 (2d Cir. 2010) .................................................................. 15

Hanig v. Yorktown Cent. Sch. Dist.,
   384 F. Supp. 2d 710 ............................................................................. 6

Henry v. NYC Health & Hosp. Corp.,
   18 F. Supp. 3d 396 (S.D.N.Y. 2014) ................................................... 10

Holtz v. Rockefeller & Co.,
   258 F.3d 62 (2d Cir. 2001) .................................................................. 12

Lange v. Town of Monroe,
   213 F. Supp. 2d 411 (S.D.N.Y. 2002) ................................................. 12

Littlejohn v. City of New York,
   795 F.3d 297 (2d Cir. 2015) ............................................................. 9, 13

Majeed v. ADF Companies,
   2013 WL 654416 (E.D.N.Y. Feb. 20, 2013) ....................................... 13

Marcus v. Barilla Am. NY, Inc.,
   2014 WL 1123406 (W.D.N.Y. March 21, 2014) ................................. 14

Martin v. Citibank, N.A.,
   762 F.2d 212 (2d Cir. 1985) ............................................................... 11

McGullam v. Cedar Graphics, Inc.,
   609 F.3d 70 (2d Cir. 2010) .................................................................. 12

Muhammad v. New York City Transit Auth.,
   450 F.Supp.2d 198 (S.D.N.Y. 2006) ..................................................... 6

Norville v. Staten Island Univ. Hosp.,
   196 F.3d 89 (2d Cir. 1999) .................................................................. 10

Patane v. Clark,
   508 F.3d 106 (2d Cir. 2007) ............................................................... 12

Peacock v. Suffolk Bus Corp.,
   100 F. Supp. 3d 225 (E.D.N.Y. 2015) (Wexler, J.) ............................. 20

Port Dock & Stone Corp. v. Oldcastle Ne., Inc.,
 507 F.3d 117 (2d Cir. 2007) ......................................................................... 8

Posner v. Coopers & Lybrand,
 92 F.R.D. 765 (S.D.N.Y. 1981), aff'd, 697 F.2d 296 (2d Cir. 1982) ...................................... 20

Reynoso v. All Foods, Inc.,
 908 F. Supp. 2d 330 (E.D.N.Y. 2012) ...................................................................... 12

Rissman v. Chertoff,
 2008 WL 5191394 (S.D.N.Y. 2008) ......................................................................... 15

Roberti v. Schroder Invest. Mgmt. N.A., Inc.,
 2006 WL 647718 (S.D.N.Y. March 14, 2006) ............................................................... 7

Ruhling v. Tribune Co.,
 2007 WL 28283 (E.D.N.Y. Jan. 3, 2007) ......................................................... 16, 17, 18

In re Scholastic Corp. Sec. Litig.,
 252 F.3d 63 (2d Cir. 2001) ............................................................................... 6

Smith v. Reg'l Plan Ass'n, Inc.,
 2011 WL 4801522 (S.D.N.Y. Oct. 7, 2011) ................................................................. 15

Stoddard v. Eastman Kodak Co.,
 2009 WL 367553 (2d Cir. Feb. 13, 2009) ......................................................... 16, 17, 18

Summa v. Hofstra Univ.,
 708 F.3d 115 (2d Cir. 2013) ............................................................................. 12

U.S. v. Space Hunters, Inc.,
 429 F.3d 416 (2d Cir. 2005) .............................................................................. 6

**Federal Statutes**

42 U.S.C. § 1981 ("Section 1981") .......................................................................... 1, 5

Civil Rights Act of 1964 42 U.S.C. § 2000e et seq.("Title VII")............................................*passim*

**State Statutes**

New York State Human Rights Law ("NYHRL"), N.Y. Exec. Law § 296 ....................................1

**Rules**

Federal Rule of Civil Procedure 8(a)(2) ..........................................................................7

Federal Rules of Civil Procedure Rule 12(b)(6)..................................................................1, 6, 7

## PRELIMINARY STATEMENT

This Memorandum Of Law is submitted by Defendants, Winthrop University Hospital (the "Hospital"), Patrice Villa and Enrico Perez (collectively "Defendants"), by and through their attorneys, Putney, Twombly, Hall & Hirson LLP, in support of their motion to dismiss the Amended Complaint of Plaintiff, Janet Kronemberg ("Plaintiff"), in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  By Order dated May 19, 2016 (Docket Entry No. 21) (the "Order"), the Court granted Defendants' motion to dismiss Plaintiff's original complaint.  The Court dismissed Plaintiff's claims of discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII") with prejudice.  The Court dismissed the remaining claims without prejudice and provided Plaintiff with the opportunity to amend her complaint to cure the deficiencies identified in the Order.

Plaintiff filed an Amended Complaint alleging that Defendants retaliated and discriminated against her on the basis of race and color by terminating her employment in violation of the New York State Human Rights Law ("NYHRL"), N.Y. Exec. Law § 296, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").  Despite the opportunity to include new allegations to cure fatal pleading deficiencies, Plaintiff ignored the Order and failed to include new allegations in the Amended Complaint sufficient to cure any of the deficiencies identified by the Court.  In fact, the Amended Complaint is not substantively different than the Original Complaint.  Plaintiff's inability to cure her pleading deficiencies demonstrates that she is incapable of stating cognizable claims of retaliation and discrimination.  Since Plaintiff has now failed at two opportunities to state cognizable claims of retaliation and discrimination, further opportunity to

1

replead would be futile.  For the reasons stated herein, the instant motion should be granted and the Amended Complaint dismissed in its entirety, with prejudice.

## RELEVANT FACTS AND PROCEDURAL HISTORY

In or about June 1996, Plaintiff commenced employment with the Hospital as a Registered Vascular Technologist in the Hospital's Vascular Laboratory.  Amended Complaint ¶ 13.  In or about February 2011, Plaintiff was transferred to the Radiology Department and began reporting to Patrice Villa, Ultrasound Manager.  Amended Complaint ¶¶ 21-22.

Plaintiff asserts that she filed an internal complaint regarding alleged discrimination with the Hospital's Human Resources Department.  Amended Complaint ¶ 26.  On June 6, 2012, Plaintiff filed a complaint of discrimination (the "First Administrative Complaint"), against the Hospital, with the New York State Division of Human Rights ("SDHR"), which was dual-filed with the United States Equal Employment Opportunity Commission ("EEOC"), alleging retaliation and discrimination on the basis of race, color and sex.  (Donnelly Dec. Ex. B).  On December 6, 2012, the SDHR issued a Determination and Order After Investigation, finding that there was no probable cause to believe that the Hospital engaged in any unlawful discriminatory practice about which Plaintiff complained.  (Donnelly Dec. Ex. C).

Plaintiff alleges that Defendants subjected her to ongoing retaliation after she filed the First Administrative Complaint on June 6, 2012, including suspending Plaintiff's employment from March 1, 2013 through March 31, 2013 as a result of Plaintiff's failure to obtain Registered Vascular Technologist ("RVT") credentials through the American Registry of Diagnostic Medical Sonographers ("ARDMS") by March 1, 2013.  Amended Complaint ¶ 65.  In March 2012, the Hospital updated its Vascular Technologist job description to require ARDMS

2

credentials. (Donnelly Dec. Ex. G). Despite Plaintiff's claim that the Hospital did not specify

which credentialing institution was required for the Registered Vascular Technologist position

(Amended Complaint ¶ 36), Plaintiff's 2011 Performance Evaluation issued on March 1, 2012,

clearly designates ARDMS for credentialing. Id. Rather than fulfill the requirements for her

position, in July, 2012, Plaintiff took a different credentialing exam offered by Cardiovascular

Credentialing International ("CCI"). Amended Complaint ¶ 37. Even after Plaintiff's deliberate

disregard of the Hospital's requirements for her position, the Hospital still offered Plaintiff

another chance to obtain the ARDMS credentials. Amended Complaint ¶ 46. The Hospital

reinstated Plaintiff to her position after she passed the ARDMS exam. Id. While Plaintiff alleges

that she was the only individual who was forced to take two credentialing exams, she does not

identify any similarly situated employee who took the unapproved credentialing exam through

CCI and was treated differently than Plaintiff. Amended Complaint ¶ 44.

On February 11, 2014, nearly two years after Plaintiff filed the First Administrative

Complaint, Ms. Villa and Regina Driscoll, Assistant Director, Radiology Department, met with

Plaintiff to provide her with her 2013 Performance Evaluation and a second Performance

Improvement Plan ("Second PIP"). Amended Complaint ¶¶ 49-50; (Donnelly Dec. Ex. I).

Plaintiff refused to acknowledge the 2013 Performance Evaluation by signing it in the space

provided. Id. Ms. Villa and Ms. Driscoll directed Plaintiff to read the Second PIP and asked her

if she would agree to abide by the conditions set forth in the Second PIP. (Donnelly Dec. Ex. I).

Plaintiff refused to acknowledge or even read the Second PIP in its entirety. Id. The Hospital

advised Plaintiff that her agreement to the terms and conditions in the Second PIP was a

condition of her continued employment with the Hospital. Id. Despite such direction by the

3

Hospital, Plaintiff continued to refuse to read and abide by the terms of the Second PIP: "[Plaintiff] refused to acknowledge the PIP or sign it even after she was asked if she would be able to abide by it." Id. Plaintiff alleges that as a result of her refusal to sign the Second PIP, she was suspended without pay. Amended Complaint ¶ 51. By letter dated March 11, 2014, the Hospital terminated Plaintiff's employment. Amended Complaint ¶ 65.

On April 15, 2014, Plaintiff filed a complaint with the SDHR alleging that the Hospital retaliated against her (the "Second Administrative Complaint"). (Donnelly Dec. Ex. D). Notably, the Second Administrative Complaint does not include allegations of discrimination on the basis of race or color. See Id. On October 9, 2014, the SDHR issued a Determination and Order After Investigation, finding that probable cause exists to believe that the Hospital engaged in an unlawful discriminatory practice of which Plaintiff complained. (Donnelly Dec. ¶ 5).

By letter dated November 20, 2014, Plaintiff requested an administrative convenience dismissal of the Second Administrative Complaint on the grounds that Plaintiff intended to pursue her remedies in federal court. (Donnelly Dec. ¶ 6). By letter dated November 25, 2014, the Hospital objected to Plaintiff's request for an administrative convenience dismissal on the grounds that it intended to file a request to reopen the Determination and Order After Investigation based upon errors of fact and law. Id. Thus, the Hospital would be unduly prejudiced by an administrative convenience dismissal. Id. On December 3, 2014, SDHR Administrative Law Judge Edward Luban issued a proposed Recommended Order dismissing the Second Administrative Complaint on the grounds of administrative convenience. (Donnelly Dec. ¶ 7).

On June 3, 2015, Plaintiff commenced this action in the United States District Court, Eastern District of New York, by filing the Original Complaint. (Donnelly Dec. Ex. A).  By letter dated July 31, 2015, Defendants requested a pre-motion conference to obtain permission to file a motion to dismiss Plaintiff's Complaint in its entirety. (Donnelly Dec. Ex. E).  By letter dated August 7, 2015, Plaintiff opposed Defendants' pre-motion conference request. (Donnelly Dec. Ex. F).  Notably, Plaintiff withdrew her NCHRL claims in the letter. Id.  On September 3, 2015, the Court waived the pre-motion conference and granted Defendants permission to move to dismiss the Original Complaint in its entirety. (Donnelly Dec. ¶11).  On November 2, 2015, Defendants moved to dismiss the Original Complaint in its entirety.  (Donnelly Dec. ¶ 12).

On May 19, 2016, the Court issued an Order granting Defendants' motion to dismiss the Original Complaint.  Memorandum and Order, Wexler, J.  Plaintiff's Title VII claims for discrimination and hostile work environment based on race and color were dismissed with prejudice as time-barred. Id. at 12.  Plaintiff's discrimination and hostile work environment claims under §1981 and NYSHRL, and her retaliation claims under §1981, Title VII, and NYSHRL, were dismissed without prejudice. Id. at 17.  The Court provided Plaintiff with the opportunity to amend her complaint within forty five (45) day to cure the deficiencies identified in the Order. Id.

On July 1, 2016, Plaintiff filed the Amended Complaint. (Donnelly Dec. Ex. J).  For the reasons discussed below, Plaintiff failed to cure any of her pleading deficiencies.  Therefore, the Amended Complaint must be dismissed with prejudice.

**ARGUMENT**

**POINT I**

**APPLICABLE STANDARD FOR MOTION TO DISMISS**

A party may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), a motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 69 (2d Cir. 2001) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  In ruling on a Rule 12(b)(6) motion, a court must "accept all of plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff."  U.S. v. Space Hunters, Inc., 429 F.3d 416, 424 (2d Cir. 2005).

The court may also consider any documents: (1) attached to the complaint; (2) incorporated by reference in the complaint; or (3) that are "integral" to a plaintiff's claims, even if the documents are not explicitly incorporated by reference. De Jesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 69 (2d Cir. 1996); Hanig v. Yorktown Cent. Sch. Dist., 384 F. Supp. 2d 710, 721 (S.D.N.Y. 2005; Betancourt v. City of New York HRA/DSS, 2007 WL 2948345, *2 (S.D.N.Y. Oct. 9, 2007) (citing Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004)); Davis v. Columbia Univ., 2010 WL 2143665, *2 (S.D.N.Y. May 26, 2010).  In deciding a motion to dismiss in employment discrimination cases, a court may also consider complaints and charges of discrimination filed with the SDHR and/or EEOC and any resulting administrative determinations. Daniel v. Long Island Hous. P'ship, Inc., 2009 WL 702209, *5 (E.D.N.Y. Mar.

6

13, 2009); <u>Muhammad v. New York City Transit Auth.</u>, 450 F.Supp.2d 198, 204-05 (S.D.N.Y.

2006) (taking judicial notice of an EEOC charge and agency determination); <u>Roberti v. Schroder</u>

<u>Invest. Mgmt. N.A., Inc.</u>, 2006 WL 647718, at *3 (S.D.N.Y. March 14, 2006) (EEOC filings

may be properly judicially noticed on a motion to dismiss).  Based upon the allegations asserted

in the Amended Complaint and the documents incorporated therein, Plaintiff has yet again failed

to state a claim upon which relief may granted, and the Amended Complaint must be dismissed

in its entirety with prejudice.

**POINT II**

**PLAINTIFF HAS FAILED TO SATISFY**
**THE APPLICABLE PLEADING STANDARDS**

The Amended Complaint fails to alleged sufficient facts to state claims of unlawful

discrimination and retaliation.  Indeed, the Amended Complaint, like the Original Complaint,

falls short of satisfying the pleading standards established in <u>Bell Atlantic Corp. v. Twombly</u>,

550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).  Accordingly, the Amended

Complaint must be dismissed in its entirety.

**A.**   ***Twombly* and *Iqbal* Pleading Standards**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at

545-55 (internal quotations omitted).  To survive a Rule 12(b)(6) motion, a complaint must set

forth sufficient factual allegations that are "enough to raise a right to relief above the speculative

level." <u>Id</u>. at 555.  "A pleading that offers labels and conclusions or a formulaic recitation of the

7

elements of a cause of action will not do." Iqbal, 129 S. Ct. at 1949.  Specifically, a complaint

either must contain sufficient factual matter to state a claim to relief that is plausible on its face

or it must be dismissed.  Id. at 1949.

Where the facts alleged are "merely consistent with" defendant's liability, the complaint

"stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 129

S. Ct. at 1949 (citing Twombly, 550 U.S. at 557).  If the "well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

not shown – that the pleader is entitled to relief."  Id. at 1950 (internal quotations omitted).

Plaintiff's Amended Complaint remains legally insufficient since it fails to allege the requisite

elements of the claims asserted.  Plaintiff's Amended Complaint does not allege facts "consistent

with" the conclusion that violations of the law occurred, nor does Plaintiff assert facts that

"actively and plausibly suggest the conclusion."  Port Dock & Stone Corp. v. Oldcastle Ne., Inc.,

507 F.3d 117, 121 (2d Cir. 2007).  Accordingly, the Amended Complaint has not met the

Twombly and Iqbal pleading standards and must be dismissed.  See De Jesus v. Sears, Roebuck

& Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996) (holding that "conclusory allegations or legal

conclusions masquerading as factual conclusions" were not sufficient to withstand a motion to

dismiss).

**B.      Plaintiff Has Not Alleged Sufficient
          Facts to Support Claims of Discrimination**

The Court held that that the Original Complaint failed to state claims for discrimination

based on race or color.  Memorandum and Order, Wexler, J., pp. 13-14.  Plaintiff's Amended

Complaint also fails to allege sufficient facts to support actionable claims of

8

employment discrimination.  In order to defeat a motion to dismiss, a plaintiff must allege facts

that plausibly suggest that: (1) she was a member of a protected class; (2) she was qualified for

her position; (3) she suffered an adverse employment action; and (4) her protected class or status

was a motivating factor in the adverse employment action.  Littlejohn v. City of New York, 795

F.3d 297, 311 (2d Cir. 2015).  Under Section 1981, a plaintiff must also allege facts that

plausibly suggest that the defendants acted with discriminatory intent.  Burgis v. New York City

Dep't of Sanitation, 798 F.3d 63, 68-69 (2d Cir. 2015).  Plaintiff has failed to plead sufficient

facts to survive a motion to dismiss.

The Court held that the allegations in the Original Complaint failed to sustain Plaintiff's

"minimal burden of showing facts suggesting an inference of discriminatory motivation or

intent," required to defeat a motion to dismiss.   Memorandum and Order, Wexler, J., p. 12.

Specifically, the Court emphasized Plaintiff's failure to include invidious comments or sufficient

details about purported comparators to support an inference of discriminatory motivation or

intent.  Id. at 13.  Despite the opportunity to include new allegations to cure these deficiencies,

Plaintiff's Amended Complaint still fails to allege any facts that would, if proven, establish: (i)

that her race or color were motivating factors in any adverse employment action; or (ii) that

Defendants acted with discriminatory intent.  The Amended Complaint does not include any

alleged invidious comments.  Rather, the Amended Complaint, like the Original Complaint,

relies solely on conclusory allegations of alleged comparators and the statistical composition of

the Hospital's workforce to support her claims of discrimination on the basis of race and color.

"A plaintiff may support an inference of race discrimination by demonstrating that similarly

situated employees of a different race were treated more favorably," but "[i]n order to make such

9

a showing, the plaintiff must compare herself to employees who are 'similarly situated in all material respects.'" Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d Cir. 1999); Henry v. NYC Health & Hosp. Corp., 18 F. Supp. 3d 396, 408 (S.D.N.Y. 2014).  The Court held that a complaint is properly dismissed where it is "virtually devoid of any details regarding the purported comparators, *e.g.*, who they are, what their positions or responsibilities were at [the company], how their conduct compared to plaintiffs' or how they were treated differently by defendants."  Memorandum and Order, Wexler, J., p. 13, quoting Haggood v. Rothman, LLC, 2014 WL 6473527, at 12 (E.D.N.Y. Nov. 17, 2014); see Burgis, 798 F.3d at 68-69.

Plaintiff has once again failed to include any details regarding the purported comparators in the Amended Complaint.  Instead, she rehashes the same conclusory allegations from her Original Complaint that "***upon information and belief***," similarly situated White employees were treated differently than Plaintiff and that Plaintiff was subjected to a hostile work environment. Amended Complaint ¶¶ 22, 23-24, 25, 32, 45, 47, 71-72, 74, 94-95, 104-105, (emphasis added).  Notably, Plaintiff does not identify the alleged comparators, including, but not limited to, names, performance and disciplinary history, job responsibilities, supervision and department. See Id.  Plaintiff also does not provide any information suggesting that her alleged comparators engaged in conduct similar to Plaintiff's without differentiating or mitigating circumstances that would distinguish their conduct or the appropriate discipline for it.  See Id. Accordingly, the Amended Complaint's conclusory allegations of differential treatment are once again insufficient to plausibly suggest that the Defendants acted with discriminatory intent or were motivated by Plaintiff's race or color.  Memorandum and Order, Wexler, J., pp. 12-13,

10

Burgis, 798 F.3d at 68-69; Henry, 18 F. Supp. 3d at 408.  Therefore, Plaintiff cannot sustain her claims of employment discrimination.  See Id.

Plaintiff's allegations regarding the statistical composition of the Hospital's workforce are also insufficient to plausibly suggest that Defendants acted with discriminatory intent or were motivated by Plaintiff's race or color.  See Memorandum and Order, Wexler, J., pp. 12-13.  Plaintiff repeated the same statistical allegations that the Court determined were insufficient to established discriminatory intent or motivation: from January 1, 2011 to June 23, 2014 the Hospital employed 21 "technicians": 14 were White; three (3) were Asian/Pacific Islander; two (2) were Black; one (1) was Hispanic; and two (2) were Other/Not Specified.  Amended Complaint ¶ 17.  In single-plaintiff employment discrimination cases, statistical evidence is insufficient to support an inference of discriminatory motivation or intent.  Burgis, 798 F.3d at 69 n. 5; Martin v. Citibank, N.A., 762 F.2d 212, 218 (2d Cir. 1985).  Statistical evidence, without evidence of specific instances of discrimination, is not relevant to whether any specific individual acted with discriminatory intent or whether any specific individual was the target of discrimination. Id. Therefore, Plaintiff's statistical evidence cannot support her discrimination claims.  See Id.  Since Plaintiff has not alleged and cannot allege sufficient facts to plausibly suggest that she was discriminated against because of her race or color, her discrimination claims must be dismissed.

**C.    Plaintiff Has Not Alleged Sufficient Facts to Support
       <u>Claims of Hostile Work Environment Harassment</u>**

The Court held that that the Original Complaint failed to state claims for hostile work environment based on race or color.  Memorandum and Order, Wexler, J., pp. 13-14.  Plaintiff's

11

Amended Complaint also fails to allege sufficient facts to support claims of hostile work environment harassment. In order to defeat a motion to dismiss, a plaintiff must plead facts that plausibly suggests conduct that: (1) creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment *based* on or because of the plaintiff's protected class. Id.; Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007); Reynoso v. All Foods, Inc., 908 F. Supp. 2d 330, 338-39 (E.D.N.Y. 2012). Under Section 1981, a plaintiff must also demonstrate that the defendant(s) acted with discriminatory intent. Lange v. Town of Monroe, 213 F. Supp. 2d 411, 423 (S.D.N.Y. 2002). Plaintiff has failed to allege sufficient facts to plausibly suggest that the alleged harassment was intentional, based on her protected classes and sufficiently severe and extensive to render the work environment hostile. Accordingly, Plaintiff cannot maintain claims of hostile work environment harassment.

To establish a hostile work environment claim, a plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment." Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000). "As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Holtz v. Rockefeller & Co., 258 F.3d 62, 75 (2d Cir. 2001). In other words, "[s]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998). A single incident of harassment does not create a hostile work environment, unless it is sufficiently severe. Summa v. Hofstra Univ., 708 F.3d 115, 126 (2d Cir. 2013);

12

McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 79 (2d Cir. 2010).  As the Supreme Court

explained in Faragher, the Supreme Court:

> These standards for judging hostility are sufficiently demanding to
> ensure that [Section 1983] does not become a "general civility
> code."...Properly applied, they will filter out complaints attacking
> "the ordinary tribulations of the workplace, such as the sporadic
> use of abusive language, gender-related jokes, and occasional
> teasing."

Faragher, 524 U.S. at 788.

The Amended Complaint does not include allegations which plausibly suggest that the

purported harassment was severe or pervasive.  Plaintiff merely repeats and restyles the

conclusory assertions from her Original Complaint that she was subjected to a hostile work

environment.  Amended Complaint ¶¶ 23-24, 32, 71, 74, 101.  Plaintiff's conclusory allegations,

without more, are insufficient to sustain hostile work environment claims.  Memorandum and

Order, Wexler, J., pp. 13-14; Chick v. County of Suffolk, 2013 WL 685661, at *4 (E.D.N.Y.

Feb. 22, 2013) (Wexler, J.) (Conclusory allegations are insufficient to plausibly suggest a severe

or pervasive hostile work environment); Majeed v. ADF Companies, 2013 WL 654416, at *11

(E.D.N.Y. Feb. 20, 2013) (same).

Plaintiff's allegations of false write ups, poor evaluations and false accusations are

similarly insufficient to establish Plaintiff's claim of a hostile work environment.  See Littlejohn,

795 F.3d at 321 (finding that plaintiff had failed to plausibly allege a severe or pervasive hostile

work environment even though plaintiff's supervisor make negative statements about her, used

impatient and harsh tones and wrongfully reprimanded plaintiff); Fleming v. MaxMara USA,

Inc., 371 Fed.Appx. 115, 119 (2d Cir. 2010) (concluding that no hostile work environment

13

existed even though "defendants wrongly excluded [the plaintiff] from meetings, excessively criticized her work, refused to answer work-related questions, arbitrarily imposed duties outside of her responsibilities, threw books, and sent rude emails to her"). Even construing these allegations in the light most favorable to Plaintiff, these allegations are insufficient since they do not demonstrate conduct that was severe or pervasive, much less conduct that altered the conditions of Plaintiff's employment with the Hospital. See Id. Since Plaintiff's Amended Complaint does not add any facts that would establish the harassment as severe or pervasive, her hostile work environment claims must again be dismissed. See Id.

The Court found that Plaintiff's conclusory allegations were insufficient "to show the creation of a hostile work environment *based* on race/color, as required to state a hostile work environment claim." Memorandum and Order, Wexler, J., pp. 13-14. Plaintiff's Amended Complaint is still devoid of any allegations which in any way suggest that any alleged harassment was intentional or based on Plaintiff's race or color. Rather, Plaintiff alleges that Defendants created the alleged hostile work environment because she filed the First Administrative Complaint, not *based* on Plaintiff's race or color. Amended Complaint ¶¶ 32, 74. Further, the Amended Complaint does not contain conduct or comments that suggest a racially-based or color-based motive. Since Plaintiff has not stated and cannot state any facts to plausibly suggest that the alleged harassment was intentional or based on her race or color, her hostile work environment claims must be dismissed. Memorandum and Order, Wexler, J., pp. 13-14; see Howard I. Shapiro & Assoc. Consulting Eng'rs, P.C., 716 F.3d 10, 15-16 (2d Cir. 2013) (affirming district court's dismissal of plaintiff's hostile work environment claim, where plaintiff did not allege sexually explicit behavior or comments of a gender-specific nature); Marcus v.

14

Barilla Am. NY, Inc., 2014 WL 1123406, *3 (W.D.N.Y. March 21, 2014) (holding that gender-neutral comments and conduct are insufficient to give rise to a plausible hostile work environment claim); Rissman v. Chertoff, 2008 WL 5191394 at *4, (S.D.N.Y. 2008) ("[i]n essence, plaintiff alleges that because he was yelled at [by his supervisors], this must have been because [of his race]. Such conclusory and speculative statements are insufficient [to state a hostile work environment claim.]").

**D.     Plaintiff Has Not Alleged Sufficient**
**Facts to Support Retaliation Claims**

The Court also held in the Order that Plaintiff failed to state retaliation claims in the Original Complaint.  Plaintiff's retaliation claims in the Amended Complaint suffer from the same pleading deficiencies as those in the Original Complaint and must be dismissed.  In order to defeat a motion to dismiss, Plaintiff must allege facts that plausibly suggest that: (1) she participated in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between her engaging in the protected activity and the adverse employment action.  Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010).  See also Smith v. Reg'l Plan Ass'n, Inc., 2011 WL 4801522, at *5 (S.D.N.Y. Oct. 7, 2011) (applying Title VII retaliation standards to Section 1981 retaliation claims).  The Court held that the Original Complaint did not include facts sufficient to show a causal connection between Plaintiff's purported activity and any adverse employment action.  Memorandum and Order, Wexler J., pp. 16-17.  Instead of including new allegations in the Amended Complaint to support an inference of causation, Plaintiff merely parrots the allegations from the Original Complaint that the Court already found were insufficient to plausibly suggest a causal connection indicative

15

of retaliation.  Accordingly, the retaliation claims must be dismissed with prejudice.

      A causal connection in retaliation claims can be demonstrated (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.  Gordon v. N.Y.C. Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000).  As discussed above, Plaintiff does not plead any facts which plausibly suggest disparate treatment of other employees who engaged in similar conduct.  Plaintiff also cannot demonstrate any direct evidence of retaliatory animus.  Instead, Plaintiff relies solely upon the temporal proximity between her First Administrative Complaint and the adverse employment actions in order to establish causation.  In order to rely on temporal proximity alone, the events must be "very close" in time.  Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 274 (2001).  Typically, periods of longer than two months do not establish a causal connection indicative of retaliation.  See, e.g., Stoddard v. Eastman Kodak Co., 2009 WL 367553, *3 (2d Cir. Feb. 13, 2009) (two months is insufficient to establish a causal relationship); Ruhling v. Tribune Co., 2007 WL 28283, at *23 (E.D.N.Y. Jan. 3, 2007) ("this Circuit [has] consistently held that a passage of two months between the protected activity and the adverse employment action seems to be the dividing line.").

      The Court specified in great detail that Plaintiff had failed to include facts sufficient to establish the requisite causal connection in the Original Complaint.  Memorandum and Order, Wexler J., pp. 16-17.  Specifically, the Court explained that Plaintiff stated in "general terms" that she suffered adverse actions soon after her purported protected activity, but failed to

"specify when these actions occurred (let alone the surrounding circumstances) in order to show the onset of retaliatory acts soon enough after [her purported protected activity]." Id. at 16.  The adverse actions for which Plaintiff did specify the timing all occurred "many months" after Plaintiff engaged in her purported protected activity and, therefore, were too remote in time to support an inference of causation.  Id.

Despite the Court's detailed explanation regarding facts sufficient to establish causation, Plaintiff was unable to include any facts in the Amended Complaint to establish an inference of causation.  Indeed, the retaliation claims in the Amended Complaint are factually indistinguishable from the retaliation claims in the Original Complaint.  Plaintiff filed the First Administrative Complaint on June 6, 2012.  Amended Complaint ¶ 27; (Donnelly Dec. Ex. B). The adverse employment actions alleged by Plaintiff in the Amended Complaint occurred on March 1, 2013; February 11, 2014, and March 11, 2014.  Amended Complaint ¶¶ 46, 51, 64. Each of the alleged adverse employment actions are significantly distant in time from the filing of the First Administrative Complaint.  The Hospital's termination of Plaintiff's employment occurred almost two years after Plaintiff filed the First Administrative Complaint.  Since the adverse employment actions alleged in the Amended Complaint occurred far more than two months after Plaintiff filed the First Administrative Complaint, Plaintiff has not and cannot allege facts to plausibly suggest a causal connection for her retaliation claims.  Memorandum and Order, Wexler J., pp. 16-17; see Stoddard, 2009 WL 367553 at *3; Ruhling, 2007 WL 28283, at *23.  Therefore, Plaintiff's retaliation claims must be dismissed.

In a desperate attempt to save her retaliation claims, Plaintiff stresses in the Amended Complaint that the credentialing issue that resulted in a March 2013 suspension occurred only

two months after the SDHR issued a No Probable Cause Determination and concluded its

investigation of Plaintiff's First Administrative Complaint.  Amended Complaint, ¶¶ 29-30.  In

fact, the March 2013 suspension occurred almost *three* months after the SDHR issued a No

Probable Cause Determination on December 6, 2012 and, thus, well beyond the two-month limit

for establishing causation through temporal proximity.  (Donnelly Dec. Ex. C); see Stoddard,

2009 WL 367553 at *3; Ruhling, 2007 WL 28283, at *23.  In any event, as the Court correctly

noted in the Order, the temporal proximity is measured from the date that the Plaintiff *filed* the

First Administrative Complaint, not the date that SDHR concluded its investigation and reached

a determination in favor of the Hospital.  Memorandum and Order, Wexler J., p. 16; see Clark

Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001).  Since the March 2013 suspension

occurred nearly 9 months after the First Administrative Complaint was filed on June 6, 2012,

Plaintiff cannot rely on temporal proximity to establish an inference of causation.  Memorandum

and Order, Wexler J., pp. 16-17; see Stoddard, 2009 WL 367553 at *3; Ruhling, 2007 WL

28283, at *23.

      The allegations in Plaintiff's Amended Complaint also further demonstrate that there is

no causal connection between the First Administrative Complaint and any adverse employment

actions.  All actions taken with respect to Plaintiff were based on legitimate, non-retaliatory

reasons.  The Hospital suspended Plaintiff's employment in March 2013 after she refused to

obtain ARDMS credentials, as specified in Plaintiff's 2011 Performance Evaluation, which was

provided to Plaintiff on March 1, 2012.  Amended Complaint ¶ 45-46; (Donnelly Dec. Ex. G).

The Hospital also did not have a retaliatory motive when it issued Plaintiff's 2013 Performance

Evaluation and Second PIP in 2013.  Plaintiff had a well-documented history of serious

18

performance deficiencies that predated the filing of the First Administrative Complaint on June 6, 2012. Indeed, the Hospital issued a Performance Re-Evaluation and placed Plaintiff on the First PIP on May 7, 2012. (Donnelly Dec. Ex. H). Accordingly, Plaintiff's 2013 Performance Evaluation, together with the Second PIP, is consistent with Plaintiff's job performance history at the Hospital and her well-documented performance deficiencies that pre-dated the filing of the First Administrative Complaint.

Plaintiff further alleges that she was treated differently after the First Administrative Complaint because she was suspended after she refused to sign the 2013 Performance Evaluation and Second PIP, whereas there were no consequences when she refused to sign the May 7, 2012 Performance Re-Evaluation. Amended Complaint ¶ 54. Plaintiff deliberately misconstrues the facts in her attempt to allege a viable cause of action. It was not Plaintiff's refusal to sign her Performance Evaluation which resulted in the suspension and termination of her employment. Rather, it was Plaintiff's refusal to abide by the terms and conditions of her Second PIP that resulted in the termination of Plaintiff's employment. (Donnelly Dec. Ex. I). Since Plaintiff was unwilling or unable to even acknowledge her performance deficiencies, must less correct those deficiencies, the Hospital had legitimate non-retaliatory reasons to suspend and terminate Plaintiff's employment.

## POINT III

### PLAINTIFF'S AMENDED COMPLAINT
### SHOULD BE DISMISSED WITH PREJUDICE BECAUSE
### FURTHER OPPORTUNITY TO REPLEAD WOULD BE FUTILE

For the reasons discussed above, the Amended Complaint fails to state cognizable claims of discrimination or retaliation and, thus, must be dismissed. Since Plaintiff has now failed at

19

two opportunities to state cognizable claims, her claims must be dismissed with prejudice.  The

opportunity to replead is properly denied when it is clear that a plaintiff cannot assert cognizable

claims.  Peacock v. Suffolk Bus Corp., 100 F. Supp. 3d 225, 232 (E.D.N.Y. 2015) (Wexler, J.)

(plaintiff's amended complaint in a retaliation case was dismissed with prejudice, where the

Court found that further amendments would be futile); Gallo v. Glen Cove City School District,

2009 WL 1161818, at *8 (E.D.N.Y. Apr. 29, 2009) (plaintiff's amended complaint for unlawful

discrimination and retaliation was dismissed with prejudice, as it was clear that further

amendments could not cure the complaint's deficiencies, making any further attempt to amend

the pleading futile).  Where a plaintiff's amended complaint is "nearly" or "virtually identical" to

the original pleading and additional opportunity to replead would be futile, dismissal with

prejudice is appropriate.  See Caractor v. Housing Bridge 93rd Avenue Family Residence, 2014

WL 1351402 at *4 (E.D.N.Y. Apr. 2, 2014); Posner v. Coopers & Lybrand, 92 F.R.D. 765, 770

(S.D.N.Y. 1981), aff'd, 697 F.2d 296 (2d Cir. 1982) (plaintiff's amended complaint was "nearly

identical" to the original complaint, and the court is "not prepared to have a third go-round.").

The Amended Complaint is substantively identical to the Original Complaint that was dismissed

in its entirety by the Court.  The few differences between the Original Complaint and the

Amended Complaint are merely cosmetic and intended to distract the Court from the fact that the

Amended Complaint suffers from the same deficiencies as the Original Complaint.  Plaintiff's

inability to cure these deficiencies demonstrates that Plaintiff simply cannot state any of the

causes of action alleged in the Complaint.  Accordingly, granting Plaintiff further opportunity to

replead would be futile and the Amended Complaint should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this motion to dismiss be granted in all respects, that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be granted costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York                     Respectfully submitted,
      October 18, 2016

                                            PUTNEY, TWOMBLY, HALL & HIRSON LLP

                                            By:        /s/RMT
                                                  Mary Ellen Donnelly
                                                  Robert M. Tucker
                                                    521 Fifth Avenue
                                                  New York, New York 10175
                                                  (212) 682-0020

                                                  *Attorneys for Defendants*

21